UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


TAYLOR D. MOBLEY, a minor, by
CHASITY D. MOBLEY, *et al.*,

        Plaintiffs,

v.                                    Civil Action No. 2:08-01192
                                         (Lead Case)


SMITHKLINE BEECHAM CORPORATION,
d/b/a GLAXOSMITHKLINE, *et al.*,

        Defendants.

---

CHASITY D. MOBLEY, individually and
as personal representative of the
estate of Hannah G. Mobley, *et al.*,

        Plaintiffs,

v.                                      Civil Action No. 2:08-cv-01193
                                         (Consolidated Case)

SMITHKLINE BEECHAM CORPORATION,
d/b/a GLAXOSMITHKLINE, *et al.*,

        Defendants.


**MEMORANDUM OPINION AND ORDER**

        Pending are the parties' "Joint Motion[s] to Join the *Mobley* Cases (2:08-CV-1192 and 1193)[,]" filed May 4, 2009 [Docket 27 and 22 respectively].  I recharacterize the motions as seeking consolidation of these civil actions.

Federal Rule of Civil Procedure 42(a) governs the parties' joint request and provides as follows:

> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may: . . . (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. Proc. 42(a).

The Fourth Circuit has vested the district court with significant discretion on questions arising under Rule 42(a), recognizing the superiority of the trial court in determining how best to structure similar pieces of litigation. *See A/S J. Ludwig Mowinckles Rederi v. Tidewater Const. Co.,* 559 F.2d 928, 933 (4th Cir. 1977) ("District courts have broad discretion under F.R.Civ.P. 42(a) to consolidate causes pending in the same district."). There are guidelines I must follow, however, in exercising the discretion granted. *See Arnold v. Eastern Air Lines, Inc.,* 681 F.2d 186, 193 (4th Cir. 1982):

> The critical question for the district court in the final analysis was whether the specific risks of prejudice and possible confusion were overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Id.* at 193.

Although there are often risks of confusion and prejudice when a consolidation occurs, the potential for inconsistent adjudications is an overriding concern here. These actions are subject to the same scheduling order, previously entered on May 6, 2009. It seems entirely inappropriate to have them proceed in an unconsolidated manner since they are, effectively, proceeding on the same track.

I am also unaware of any significant burden consolidation might visit upon the parties,

2

witnesses, or available judicial resources.  The parties have requested that I grant consolidation.  If I did not grant the request, court resources would be used inefficiently.   Also, the length of time required to resolve each of these actions separately suggests consolidation is appropriate.

Based upon the foregoing, the motions are **GRANTED** and the above-styled civil actions will be consolidated for all purposes.  It is further **ORDERED** that civil action 2:08-1192 is deemed the lead case, and all further filings in either case shall be captioned and docketed therein.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

**DATED**: May 12, 2009

Joseph R. Goodwin, Chief Judge

3